SINFORIANO BURGOS-SANTOS, Appellant, *v.* REGISTRAR OF CAGUAS, Respondent.

No. 677.    Submitted March 28, 1927.—Decided April 27, 1927.

*V. Polanco de Jesús* for the appellant.    The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sinforiano Burgos appeared before notary public Valentín Polanco de Jesús and stated that he was the owner of a certain rural property, situated in the ward of Collores of Barros, of ninety-two acres which he described; that he segregated therefrom twenty-six acres which he sold to Valentín Burgos, with no description, and nineteen acres and twenty-five hundredths which he sold to Monserrate Arroyo, also without description; that the remaining 46.75 acres were surveyed by Juan R. López, in agreement with the abutting owners, he making a map thereof, and it was then discovered that instead of 46:75 acres there were 63 acres, which were described; that as the surplusage was above twenty percent, it would be advisable to make a new description of the property with only a twenty percent surplusage, so as to

enable it to be recorded in the registry, which he did, giving then to the property an area of 56.13 acres.

Using the statements of Burgos as a basis, the notary drafted a deed which was executed under No. 3 in Ciales on on the 3rd of January, 1927. The document was presented for record in the registry, but its record was refused and Burgos appealed to this court.

We think that the registrar is right. The grounds for his refusal to make the record are well founded. Registries should contain a clear history of the properties, their conveyances and changes, and the data supplied by the appellant are not sufficient to make clear the change of the property in question.

In the first place, it is stated in the deed that the survey was made in agreement with the abutting property owners and that the surveyor made a map which was not even presented in the registry.

In the second place, there appears recorded in the registry only one of the two segregations made prior to the survey. As regards the other, it is only known from the statements of the grantor that 19.25 acres had been segregated and sold to Monserrate Arroyo, but no description of it is given.

In the third place, an examination of the boundaries reveals real differences which, as alleged by the registrar, are not explained away in any manner. For instance, the natural boundary of the 92 acres on the east, which is the river Patrullas, does not appear in the 63 or 56.13 acres for the purpose of the record. The fact could be explained by reason of the segregations, but in the property resulting from the survey they mention, as the abutting property owner on the east, Ceferino Rosario who is neither Valentín Burgos nor Monserrate Arroyo who were the purchasers of the two segregated portions.

Valentín Burgos appeared in the 92-acre property as the abutting property owner on the west and he continues to appear as such in the 63-acre property; but Monserrate

Arroyo does not appear as abutting property owner from any quarter. On the northern boundary of the 63-acre property there appears two abutting property owners more than in that of 92 acres, three more on the southern boundary and two less and one more on the western boundary. We have already mentioned the change to be found in the eastern boundary.

The appellant contends that he is not bound to explain those discrepancies.

It is true that generally such discrepancies are not explained away, it being sufficient to state that formerly it abutted on A and now on B, or on A, B and C, which is not even done in the present case. But the explanation is necessary here, because if the practice and the jurisprudence have permitted the record of small surplusages, even as high as 20 percent, it has been done on the basis that the boundaries are the same. Otherwise properties not recorded could be consolidated with properties already recorded by alleging error in the survey of the recorded properties, and this would constitute a clear violation of the letter and spirit of the Mortgage Law.

Moreover, as alleged by the registrar, the appellant has not cited nor is there any rule which permits—nor is it encouraged by good practice—the making of a record such as the appellant seeks, that is to say, for a smaller area than the real one so as to come within the amount permitted. If the difference is greater recourse should be had to the suppletory means authorized by the law itself.

The argument that if the area of the original property was taken as a basis the surplusage then revealed by the survey would not amount to twenty percent, rebounds against the appellant, because, as alleged by the registrar in his brief, "if only a part had been surveyed such survey would not be evidence as to the area of the portion not surveyed; on the contrary, there is room for the presumption that the surplusage in the remainder of the property that was surveyed

may be a shortage in the area of the segregated portions which have not been surveyed."

It must be borne in mind that the only basis of the application for the important change of the record in the registry are the statements of the appellant.

If the statements of the appellant are true it will be very easy for him to prove them with due clearness. This is all that is required by the registrar and therefore his refusal to make the record must be sustained.